UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TONY R. ISAACS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 1:08-cv-0971-SEB-TAB |
| vs. | ) | |
| | ) | |
| MICHAEL ASTRUE, Commissioner of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY**

Tony R. Isaacs ("Isaacs") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*. For the reasons explained herein, the Commissioner's decision is AFFIRMED.

***Background***

Isaacs filed his application for DIB in June 2004, alleging that he had been unable to work since January 29, 2004. (R. at 12). His application was denied initially and on reconsideration. At Isaacs's request, an administrative hearing was held on September 14, 2007, before Administrative Law Judge ("ALJ") James R. Norris. (R. at 427). At this hearing, Isaacs was represented by an attorney. Paul Schneider, M.D., testified as an orthopedist medical expert; Jack Thomas, Ph.D., testified as a psychological medical

expert; and Ray Burger testified as a vocational expert. (R. at 427-54). In addition, Isaacs's wife, April, testified. (R. at 463-64). On January 14, 2008, the ALJ issued a decision finding that Isaacs was not disabled at step four and, alternatively, at step five of the five-step sequential evaluation. (R. at 24-25). Isaacs applied for review to the Appeals Council, and after considering additional information, the Appeals Council denied Isaacs's request for review on June 18, 2008. This denial of review made the ALJ's decision final. See Getch v. Astrue, 539 F.2d 473, 480 (7th Cir. 2008). The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action ... in [a] district court of the United States.

The ALJ made the following relevant findings: (1) Isaacs did not engage in gainful activity during the period from his alleged onset date of January 29, 2004, though his date last insured of March 31, 2007; (2) Isaacs had the following severe impairments: lumbar degenerative disc disease with a 2003 L5-S1 fusion, obesity, and an affective disorder; (3) None of these impairments met the requirements of a "disabling impairment," 20 C.F.R. § 404.1520(d); (4) Isaacs was able to perform light work (i.e. Isaacs could not do work involving climbing ladders, ropes or scaffolds; but Isaacs could lift or carry ten pounds frequently; lift or carry twenty pounds occasionally; stand or walk, off and on, for six hours during an 8-hour workday; intermittently sit; occasionally bend, stoop, kneel,

crouch, and crawl; and use his hands and arms for grasping, holding, and turning objects); (5) Through March 31, 2007, Isaacs was able to perform past relevant work as an assembler; (6) Isaacs was "not disabled," under 20 C.F.R. § 404, Subpart P, App. 2; (7) Isaacs was 40 years old on the date he was last insured; and (8) Considering Isaacs's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Isaacs could have performed, 20 C.F.R. § 404.1560(c) and 404.1566.

## ***Discussion***

### ***I. Applicable Law***

To be eligible for DIB, a claimant must prove that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

A five-step inquiry outlined in the Social Security regulations is used to determine

disability status. Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351-52 (7th Cir. 2005).

> The ALJ must consider whether: (1) the claimant is presently employed; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any impairment listed in the regulations as being so severe as to preclude substantial gainful activity; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520, 416.920 [the "steps"]. A finding of disability requires an affirmative answer at either step three or step five."

Id. "An affirmative answer leads either to the next step or, in steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled." Zalewski v. Heckler, 760 F.2d 160, 162 n.2 (7th Cir. 1985).

After step three, the ALJ must assess the claimant's residual functional capacity. 20 C.F.R. § 404.1520. This determination has three components: physical abilities, mental abilities, and other impairments. 20 C.F.R. §§ 404.1545(a), 416.945(a). In order to place an individual at a particular residual functional capacity level, the individual must be able to perform the full range of work in that category on a daily basis. Frey v. Bowen, 816 F.2d 508 (10th Cir. 1987). The claimant bears the burden of proof at steps one through four, and at step five the burden shifts to the Commissioner.

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision is supported by substantial evidence and is otherwise free of legal error.

Kendrick v. Shalala, 998 F.2d 455, 458 (7th Cir.1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206 (1938)).

### *II. Analysis*

In the present case, the ALJ found that Isaacs was not gainfully employed and had a severe impairment, but that the impairment did not meet or equal any impairment listed in the regulations to preclude substantial gainful activity. Thus, the determination of benefits turned on steps four and five.

With regard to the step-four finding, Isaacs contends that the ALJ's conclusion that he could perform past relevant work was misplaced because Isaacs had not performed the position the ALJ relied upon as past relevant work, "assembler," since 1991. In order for a past job to constitute "past relevant work," it generally must have been performed within fifteen years of the earlier of the adjudication date or a claimant's date last insured. See 20 C.F.R § 404.1565(a). The record shows that Isaacs last worked as an assembler in 1991, which is more than fifteen years before his last insured date of March 31, 2007. The Commissioner concedes that "Plaintiff correctly observes that Plaintiff's experience as an assembly worker was too remote to be considered past relevant work for purposes of Social Security disability benefits." Accordingly, the only disputed issue before the

Court regards whether substantial evidence supports the ALJ's step-five finding that Isaacs was not disabled because he could perform a significant number of other available jobs. According to Isaacs, the ALJ did not develop an adequate record to support his step-five determination.

With regard to the step-five finding, Isaacs first contends that the ALJ failed to present Isaacs's treating physician, Dr. Arbuck, with his objections to Dr. Arbuck's conclusions. Evidence from a treating physician is generally preferred over all other evidence. 20 C.F.R § 404.1527(d)(2), (5). Isaacs attempted to prove disability by submitting to the ALJ, in October 2006, the opinions of his treating psychiatrist and pain specialist, Dr. Arbuck. (R. at 327-31.) In January 2008, the ALJ issued his written opinion, in which he disputed the authenticity and credibility of Dr. Arbuck's opinion. However, the ALJ never contacted Dr. Arbuck nor Isaacs's attorney before or after the hearing to inform Dr. Arbuck of his concern or to communicate his authenticity objection.

Under the applicable regulations, an ALJ must contact a medical source as follows:

> (e) Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
> (1) We will first recontact your treating physician or psychologist or other medical source to determine wether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable

clinical and laboratory diagnostic techniques . . . .

20 C.F.R. § 404.1512(e).

The Commissioner effectively concedes that the ALJ did not contact Dr. Arbuck, but contends nonetheless that the ALJ's decision against Isaacs was sound because it was based on all of the evidence in the record, including Dr. Arbuck's opinion. The portion of the ALJ's discussion of Dr. Arbuck's opinion cited by Isaacs does not indicate that the ALJ actually considered Dr. Arbuck's opinion: "The document submitted as Dr. Arbuck's opinion contains discrepancies that cause it to be less than reliable (EX 1-8). Specifically, Dr. Arbuck's signature appears on a page with no other information except the date . . . ." (R. at 23). However, the portion of the ALJ's opinion not quoted by Isaacs clearly states that the ALJ *did* consider Dr. Arbuck's opinion: "Even if this is Dr. Arbuck's assessment, it is not entitled to controlling weight because the conclusions are not well supported by objective medical evidence and they are inconsistent with the other substantial evidence of record." Id.

Clearly, the ALJ considered each medical opinion and concluded that Dr. Arbuck's opinion was less substantively reliable than others in the record. "[I]n the end, it is up to the ALJ to decide which doctor to believe - the treating physician who has experience and knowledge of the case, but may be biased, or . . . the consulting physician, who may bring expertise and knowledge of similar cases - subject only to the requirement that the ALJ's decision be supported by substantial evidence." Books v. Chater, 91 F.3d 972, 979 (7th Cir. 1996). Because the ALJ appropriately considered Dr. Arbuck's

opinion, Isaacs's many objections to the ALJ's characterization of Dr. Arbuck's opinion are unavailing. The record demonstrates that the ALJ merely gave less weight to that opinion, which is permissible. White v. Barnhart, 415 F.3d 654, 659 (7th Cir. 2005).

Isaacs's second argument is that the testimony of medical expert, Dr. Schneider, is not "substantial evidence" for the ALJ's residual functional capacity finding. Specifically, Isaacs argues that, because Dr. Schneider "did not consider pain at all," his opinion is insufficient to support the ALJ's finding that Isaacs had some pain, although not pain significant enough to prevent him from performing light work. In essence, Isaacs's argument is that the ALJ could not reasonably have concluded that Isaacs had any pain, if Dr. Schneider's opinion was "weighted above all others." (R. at 22.)

Isaacs's contention is misplaced. Although the ALJ relied more on Dr. Schneider's opinions than on other evidence in the record, the ALJ made it clear that he relied on all medical opinion evidence in the record, and his conclusion that Isaacs suffered from some pain but not enough pain to render him disabled was based on his balance of all relevant opinions. This is precisely the sort of conclusion the ALJ is required to draw. See,e.g. White, 415 F.3d at 659 ("The ALJ's ultimate residual functional capacity finding tracked [one Doctor's] opinion almost exactly, and [that] opinion, buttressed by the State Consultants' opinions, was an adequate evidentiary foundation for the finding.").[1]

---

[1]Similarly, Isaacs's claims that Dr. Schneider made a significant concession on cross-
(continued...)

Finally, Isaacs contends that substantial evidence does not support the ALJ's adverse credibility finding. In assessing Isaacs's functional capacity, the ALJ found Isaacs's subjective allegations of incapacity and limitations not fully credible. ALJs are required to make express, rational credibility findings. See SSR 96-7p. When assessing the credibility of the claimant's statements, the kinds of evidence that must be considered in addition to the objective medical evidence include: (1) The claimant's daily activities; (2) The location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) Factors that precipitate and aggravate the symptoms; (4) The type, dosage, effectiveness, and side effects of any of the claimant's related medication; (5) Treatment the claimant receives related to the claimed disability; (6) Any other measures the claimant uses to relieve pain or other symptoms; and (7) Any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. Id.; 20 C.F.R § 404.1529(c).

The ALJ clearly considered appropriate factors, including objective medical evidence, medical opinion evidence, Isaacs's treatment and medications, Isaacs's daily activities, and inconsistencies between his allegations and evidence of record. For example, the ALJ acknowledged that Isaacs described engaging in very limited daily activities. (R. at 20-21.) The ALJ concluded that, because those activities could not "be

[1](...continued)
examination, that Dr. Schneider failed to consider Isaacs's impairments in combination with each other, and that Dr. Schneider considered only objective medical evidence, are unavailing. It is clear that the ALJ based his decision on a review of all of the relevant medical opinion evidence, and that the opinion was based on substantial evidence. (R. at 18-25.)

objectively verified with any reasonable degree of certainty," evidence of those activities was outweighed by other factors. (R. at 20-21.) This finding was a reasonable conclusion, based on the record, that Isaacs had not established this fact by a preponderance of the evidence. Similarly, the ALJ afforded significant weight to the objective medical evidence provided and relied upon by Dr. Schneider, and compared that evidence to Isaacs's statements to assess credibility. All of this was exactly the balance of evidence an ALJ is required to perform in evaluating credibility.[2]

For all of the foregoing reasons, the decision of the ALJ was supported by substantial evidence and was otherwise free of legal error.

## *II. Conclusion*

There was no reversible error in the assessment of Isaacs's application for DIB. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. Under these circumstances, Isaacs is not entitled to relief in this action. Judgment consistent with the Entry shall now issue.

IT IS SO ORDERED.

Date: 09/29/2009

[signature]

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[2]Isaacs also contends that the ALJ "misstated the issue" by stating that Isaacs did not carry his burden to prove "total disability" and by stating that Isaacs failed to prove that he could not perform "all basic work activities." R. at 20, 21. Although these statements do not precisely conform to the standard definitions in the relevant regulations, it is clear from our review of the ALJ's decision that he applied the appropriate standards and assessed the appropriate issues.

Copies to:

J. Frank Hanley II
laurasiener@aol.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

SSA (Court Use Only)
SOCIAL SECURITY ADMINISTRATION (SSA) added for email notification purposes to the SSA General Counsel, pursuant to A.O. memorandum of 7/19/2007.
.NULL.